**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JAQUANT FORD, | ) | |
| | ) | |
| individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUCKY WHEELS, LLC and | ) | |
| MARKO KUNDACINA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.      INTRODUCTION**

1.      This is an action brought on behalf of current and former delivery drivers challenging Defendant Lucky Wheels, LLC's ("Lucky Wheels") unlawful practice of misclassifying its drivers as independent contractors.

2.      Plaintiff Jaquant Ford ("Plaintiff") challenges Lucky Wheels' unlawful practice of making deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by Lucky Wheels. Plaintiff also contends that, as a result of Lucky Wheels' policies and practices, in his final weeks of work for Lucky Wheels, he and other delivery drivers did not receive any compensation, in violation of Illinois and federal minimum wage law. Plaintiff contends that, although he and other delivery drivers were classified by Lucky Wheels as independent contractors, they were, in fact, employees of Lucky Wheels. Plaintiff also contends that Defendant Marko Kundacina is individually liable by virtue of his role within Lucky Wheels, creating and overseeing Lucky Wheels' unlawful

classification and compensation practices.

3.     Plaintiff brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with Lucky Wheels to provide delivery services between January 2016 and the present. Plaintiff alleges that, as a result of Lucky Wheels' policies, illegal deductions were made from his and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiff also alleges that Lucky Wheels unlawfully required him and others similarly situated to incur expenses that should have properly been borne by Lucky Wheels in violation of 820 Ill. Comp. Stat. 115/9.5, and that and that Lucky Wheels failed to pay him and other delivery drivers wages owed in violation of 820 Ill. Comp. Stat. 115/4.

4.     Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have provided delivery services for Lucky Wheels between January 2023 and the present. Plaintiff alleges that, as a result of Lucky Wheels' policies, and the deductions made from Plaintiff's and other delivery drivers' pay, they were not paid minimum wage for all hours worked in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4.

5.     Plaintiff also brings this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for Lucky Wheels between January 2023 and the present. Plaintiff alleges that it was Lucky Wheels' policy and practice not to pay drivers for their final weeks of work. Accordingly, Plaintiff and other delivery drivers were not paid minimum wage in some weeks worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

## II. THE PARTIES

6. Plaintiff Jaquant Ford is an adult resident of Lincoln, Nebraska. P l a i n t i f f F o r d worked for Lucky Wheels as a truck driver, making deliveries in Illinois and other states between approximately November 2024 and July 2025. During this time, Plaintiff Ford was classified as an independent contractor.

7. Defendant Lucky Wheels is an Illinois corporation headquartered in Mount Prospect, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

8. Defendant Lucky Wheels' Facebook page describes Lucky Wheels as a "Transportation Service" and prominently advertises job openings for drivers, promising "earn[ings of] $2,500/week average. No fluff, just solid miles and real pay.".[1]

9. Defendant Marko Kundacina is an Illinois resident and is the owner and Manager of Lucky Wheels. In his role, Marko Kundacina possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

## III. JURISDICTION AND VENUE

10. The Court has personal jurisdiction over Plaintiff and the class he seeks to represent because they worked in the State of Illinois for Illinois employers and/or are citizens of the state of Illinois.

11. The Court has personal jurisdiction over Defendants because Defendants reside in Illinois, do business in the State of Illinois, and their conduct in the State of Illinois underlies all claims in this suit.

12. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.

[1] https://www.facebook.com/glidersrulle/ (last visited December 29, 2025).

§ 1331 and 29 U.S.C. §216(b).

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

14. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred in this District.

## IV. STATEMENT OF FACTS

15. Plaintiff was hired by Lucky Wheels to perform deliveries in Illinois and across the United States.

16. Plaintiff was required to sign an independent contractor agreement with Lucky Wheels.

17. Plaintiff drove a truck and trailer which were owned by Lucky Wheels, and which had Lucky Wheels insignia on them.

18. Plaintiff worked for Lucky Wheels full time, routinely working up to 70 hours a week. Plaintiff did not work anywhere else while working for Lucky Wheels.

19. Plaintiff and other delivery drivers were required to regularly check in with Lucky Wheels dispatchers to take their instructions as to which loads to haul, where and when to pick up and drop off these loads.

20. Plaintiff and other delivery drivers were also required to comply with Lucky Wheels' time constraints for deliveries and other instructions and were required to regularly report to Lucky Wheels staff and Lucky Wheels' office in Illinois.

21. Plaintiff and other delivery drivers were paid a set number of cents per mile, which was determined by Lucky Wheels, for the deliveries they made.

22. Throughout the course of Plaintiff's employment, Lucky Wheels made deductions

from his pay for items including escrow account, an electronic logbook device, and repairs, among others, which often came to hundreds of dollars per week. Plaintiff did not authorize these deductions.

23. Finally, Plaintiff and other drivers were not paid for their final weeks of work, despite working up to 70 hours a week for Lucky Wheels. Specifically, Plaintiff Ford did not receive any compensation for the first two weeks of July of 2025.

24. Although Lucky Wheels classified Plaintiff and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by Lucky Wheels demonstrates that they were employees of Lucky Wheels.

25. Plaintiff and other delivery drivers were required to pick up trucks and trailers from Lucky Wheels' yard in Illinois.

26. Plaintiff and other delivery drivers were hired by Lucky Wheels in Illinois at Lucky Wheels' office, were required to pick up and deliver freight for Lucky Wheels in Illinois, and received directions regarding their deliveries from Lucky Wheels' dispatchers and management team in Illinois.

27. Lucky Wheels controlled every aspect of their drivers', including Plaintiff's, work. Such control included, but was not limited to the following:

    A. Lucky Wheels required Plaintiff and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiff's and other similarly situated drivers' duties.

    B. Plaintiff and other delivery drivers were required to report to Lucky Wheels' facilities regularly. For example, Plaintiff and other drivers were required to come to Lucky Wheels' office and yard to pick up and drop off trucks and trailers, and complete onboarding paperwork.

C. The trucks and trailers Plaintiff and other delivery drivers drove bore Lucky Wheels insignia and markings, and were registered under Lucky Wheels' DOT number.

D. Plaintiff, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by Lucky Wheels to receive delivery assignments, to report when they picked up and reopped off loads, and to report any issues with their assigned deliveries.

E. Lucky Wheels instructed Plaintiff and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading and unloading. Additionally, Lucky Wheels dictated the time by which each delivery must be made. Lucky Wheels' dispatchers and supervisors also communicated with Plaintiff and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

F. Plaintiff and other similarly situated drivers had GPS devices on their vehicles, which allowed Lucky Wheels to track the drivers throughout the day.

G. Lucky Wheels subjected drivers, including Plaintiff, to a variety of deductions, including, but not limited to, deductions for an escrow account, an electronic logbook device, and repairs.

H. If Plaintiff or other similarly situated drivers wished to take time off, they were required to give timely advance notice to Lucky Wheels.

28. Plaintiff and other delivery drivers performed work which is in the usual course of business of Lucky Wheels — *i.e.* they were truck drivers who performed delivery services and Lucky Wheels is engaged in business of providing trucking delivery services to their customers.

6

29.     Lucky Wheels required Plaintiff and putative class members to submit all bills of lading, logbooks, and other required paperwork to Lucky Wheels' office in Illinois.

30.     At no time during their employment were Plaintiff and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by Lucky Wheels and could not and did not negotiate any matters or bargains with any customers or brokers.

31.     Plaintiff and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of Lucky Wheels' common scheme of misclassification, application of unlawful deductions, and failure to pay drivers for their final weeks of work, were similarly denied compensation in violation of federal and state law.

## V.     CLASS ALLEGATIONS

32.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IWCPA Class (Counts I-III):

> all persons who contracted to provide trucking delivery services for Lucky Wheels as delivery drivers in Illinois, and who personally provided trucking delivery services to Lucky Wheels, who have either been classified as independent contractors or have not been paid or treated as employees between January 2016 and the present.

33.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IMWL Class (Count IV):

> all persons who contracted to provide trucking delivery services for Lucky Wheels as delivery drivers in Illinois, and who personally provided trucking delivery services to Lucky Wheels, who have either been classified as independent contractors or have not been paid or treated as employees between January 2023 and the present.

7

34.     The members of each class are so numerous that joinder of all members is impracticable. Plaintiffs believe that each class exceeds forty (40) members.

35.     Common issues of law and fact predominate the claims of the class. Specifically, all claims are predicated on a finding that Lucky Wheels misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

36.     The named Plaintiff is an adequate representative of the classes because all class members were subject to Lucky Wheels' uniform practices and policies. Further, Plaintiff and the potential class members have suffered the same type of economic damages as a result of Lucky Wheels' practices and policies.

37.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

38.     Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## VI.     COLLECTIVE ALLEGATIONS

39.     Plaintiff's FLSA claims (Count V) should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for Lucky Wheels during the past three years who may choose to opt-in to this case.

40. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Lucky Wheels did not pay drivers the minimum wage in all workweeks, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

**Count I**
**Illinois Wage Payment and Collection Act - Deductions**

41. Plaintiff re-alleges and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

42. At all relevant times, Plaintiff and members of the proposed class were "employees" of Defendants as defined by the IWPCA.

43. At all relevant times, Defendants were employers of Plaintiff and proposed class members as defined by the IWPCA.

44. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees' wages.

45. Lucky Wheels violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiff's and class members' wages.

46. Marko Kundacina violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing Lucky Wheels to make unlawful deductions from Plaintiff's and the proposed class members' wages.

47. Plaintiff seeks reimbursement for all unlawful deductions taken by Lucky Wheels from his and class members' pay.

**Count II**
**Illinois Wage Payment and Collection Act – Expenses**
**(in the alternative to Count I)**

48. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

49. At all relevant times, Plaintiff and the proposed class members were "employees" of Defendants as defined by the IWPCA.

50. At all relevant times, Defendants were employers of Plaintiff and the proposed class as defined by the IWPCA.

51. Lucky Wheels violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiff and other class members who worked for them since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

52. Marko Kundacina violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by permitting drivers to incur expenses related to their work for Lucky Wheels that should have been borne by Defendants.

53. Plaintiff seeks reimbursement for all unlawful expenses he and the proposed class members were forced to incur as part of their work for Defendants.

**Count III**
**Illinois Wage Payment and Collection Act – Failure to Pay Wages**

54. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

55. At all relevant times, Plaintiff and the proposed class members were "employees" of Defendants as defined by the IWPCA.

10

56. At all relevant times, Defendants were employers of Plaintiff and the proposed class as defined by the IWPCA.

57. Lucky Wheels violated the IWPCA, 820 ILCS 115/4, by failing to pay Plaintiff and other delivery drivers compensation for their final weeks of work.

58. Plaintiff seeks compensation for wages owed to him and other delivery drivers by Lucky Wheels.

**Count IV**
**Illinois Minimum Wage Law – Minimum Wage**

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Pursuant to 820 ILCS 105/4a, an employer is required to pay his employees a minimum wage for all hours worked.

61. During all relevant times, Lucky Wheels was an employer within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

62. During all relevant times, Plaintiff and class members were covered employees within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

63. Lucky Wheels failed pay Plaintiff and the class members minimum wage for all hours worked, particularly in their final weeks of work, as required by 820 ILCS 105/4a.

64. Pursuant to 820 ILCS 105/12, Lucky Wheels is liable to Plaintiff and the class members for their unpaid minimum wage compensation, attorneys' fees, costs, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which the wages remain unpaid.

**Count V**
**Fair Labor Standards Act - Minimum Wage**

65. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

11

66. Lucky Wheels regularly failed to pay Plaintiff and the members of the putative FLSA collective the statutory minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

67. Under the FLSA, 29 U.S.C. § 206, Defendants were required to pay Plaintiff and the members of the putative collective minimum wage for all hours worked.

68. However, due to Lucky Wheels' routine failure to compensate Plaintiff and other delivery drivers for their final weeks of work, the wages of Plaintiff and the members of the FLSA Collective fell below minimum wage in a number of the weeks in which they worked for Lucky Wheels.

69. Defendants' conduct was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiff and members of the FLSA collective to work hours for which they were not paid at the federal minimum wage.

70. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

2. Appointing Plaintiff as a class representative and his counsel as class counsel;

3. An order enjoining Defendants from violating the IWPCA, the IMWL, and the FLSA;

4. Restitution for all deductions taken from Plaintiff's and class members' wages;

5. Restitution for all Lucky Wheels' operating expenses that Plaintiff and class members were forced to bear;

6. Prejudgment interest and statutory damages;

7. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

8.    Payment of all wages due to Plaintiff and members of the collective;

9.    Liquidated damages under the FLSA;

10.   Attorney's fees and costs;

11.   Any other relief to which Plaintiff and the Class and Collective members may be entitled.


DATED:  January 7, 2026                    Respectfully Submitted,

                                           JAQUANT FORD,
                                           individually and on behalf of
                                           all others similarly situated,

                                            By his attorneys,


                                           /s/ Bradley Manewith

                                           Bradley Manewith, IARDC # 6280535
                                           Lichten & Liss-Riordan, P.C.
                                           5 Revere Drive, Suite 200
                                           Northbrook, IL 60062
                                           Tel. (617) 994-5800
                                           Fax (617) 994-5801
                                           bmanewith@llrlaw.com


                                           Harold Lichten (*pro hac vice anticipated*)
                                           Olena Savytska (*pro hac vice anticipated*)
                                           Lichten & Liss-Riordan, P.C.
                                           729 Boylston Street, Ste. 2000
                                           Boston, MA 02116
                                           Tel. (617) 994-5800
                                           Fax (617) 994-5801
                                           hlichten@llrlaw.com
                                           osavytska@llrlaw.com